IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE EXTRADITION OF
    ISAIAS MEZA MARTINEZ

MISC. NO. 04-5533 M

## MEMORANDUM OPINION AND ORDER ON EXTRADITION

**THIS MATTER** comes before the Court pursuant to the Complaint [Docket No. 1] seeking the extradition of Isaias Meza Martinez ("Mr. Meza Martinez") from the United States to the Government of the Republic of Mexico.

### FACTUAL BACKGROUND

Mr. Meza Martinez, the Relator in this matter, is a U.S. citizen residing in the United States. He has been charged in Mexico with the crime of sexual abuse of a child in violation of Article 246 of the Penal Code of the State of Chihuahua, Mexico. Mr. Meza Martinez's alleged conduct occurred in 2002. On June 18, 2002, Mr. Meza Martinez was alleged to have gone to the family home of Christian Iveth Arellano Ruiz, a child, in Chihuahua, Mexico and sexually abused Ms. Ruiz. Ms. Ruiz further alleges that this conduct had been ongoing for a period of three years.

### PROCEDURAL BACKGROUND

An arrest warrant for Mr. Meza Martinez was issued on March 14, 2003 by the Fifth Judge of Criminal Matter of the Judicial District of Morelos, Chihuahua, Mexico. On July 16, 2004, the Mexican authorities submitted a request of provisional arrest for extradition purposes to the United States. The Complaint in this matter was filed on August 19, 2004 by Assistant United

States Attorney Luis A. Martinez, acting for and on behalf of the Government of Mexico.

The Complaint filed on August 19, 2004 sought the arrest of Mr. Meza Martinez in order that he be brought before the Court for a determination of whether the legal requirements for extradition are met in accordance with 18 U.S.C. § 3184 such that he is subject to surrender.  An arrest warrant was issued by this Court on August 20, 2004, and Mr. Meza Martinez was arrested pursuant to that warrant on August 25, 2004.  A hearing on the matter was held on August 27, 2004.

**LEGAL STANDARD**

Extradition is governed by 18 U.S.C. §§ 3181 and 3184.  Under § 3181, in order to extradite an individual, the requesting government must establish: 1) the existence of an extradition treaty between the United States and the requesting government; 2) that charges for which extradition is sought are extraditable under the treaty; 3) that the Relator is the same individual charged by the requesting government; and 4) that there is a probable cause to determine that crimes have been committed and to believe that the Relator committed them.  *Ross v. U.S. Marshal*, 168 F.3d 1190, 1193 (10th Cir. 1999); *U.S. v. Kin-Hong*, 110 F.3d 103 (1st Cir. 1997); *Republic of France v. Moghadam*, 617 F.Supp. 777 (N.D. Cal. 1985).  Under 18 U.S.C. §§ 3181 and 3184, a judicial officer's inquiry is limited to this narrow set of issues.  *Kin-Hong*, 110 F.3d at 110.  The broader assessment of extradition and its consequences is committed to the discretion of the United States Secretary of State.  *Id.*

**DISCUSSION**

I.      THE MAGISTRATE JUDGE HAS AUTHORITY TO MAKE ALL DETERMINATIONS IN CONNECTION WITH THE EXTRADITION OF MR. MEZA MARTINEZ

At the extradition hearing, Mr. Meza Martinez's counsel implied that the findings of the Magistrate must be submitted for approval to a District Judge. This contention is error. 18 U.S.C. § 3184 states that a Magistrate, when authorized by a court of the United States, may conduct any and all proceedings respecting the extradition of the accused. In this matter, United States District Judge Robert Brack has entered an order of reference in accordance with 18 U.S.C. § 3184, directing me to make any and all determinations necessary to the resolution of this matter. It is therefore within my authority to make findings of fact in this case.

I. THIS COURT MUST DENY EXTRADITION ON THE BASIS OF HUMANITARIAN CONCERNS

Mr. Meza Martinez's counsel argued against extradition on the basis of humanitarian concerns. The Court is concerned that Mr. Meza Martinez is of advanced years and apparently has a number of medical problems. Thus, if I had jurisdiction, I might consider denying extradition based on these concerns. However, as noted above, this Court's inquiry is limited to issues concerning the existence of a treaty, the offense charged, and the quantum of evidence offered. *Kin-Hong*, 110 F.3d at 110. Whether humanitarian concerns should preclude extradition is an issue committed to the sole discretion of the executive branch, specifically the Secretary of State. *In re Extradition of Kirby*, 106 F.3d 855, 863 (10th Cir. 1997). Thus, this Court is without jurisdiction to consider Mr. Meza Martinez's arguments with regard to humanitarian concerns.

II. THE EXTRADITION TREATY BETWEEN THE UNITED STATES AND MEXICO IS VALID

The extradition statute gives federal judicial officers jurisdiction to conduct extradition proceedings based on a treaty between the United States and any foreign government. 18 U.S.C.

§ 3184. Another section of the statute provides that the extradition statutes for surrender of persons to foreign countries will continue in force only during the existence of a treaty of extradition with such foreign government. 18 U.S.C. § 3181. The treaty at issue in this matter has been negotiated by the President of the United States and ratified by the United States Senate pursuant to the Constitution and laws of the United States. Thus, I find that the Extradition Treaty between the United States of America and the United Mexican States, 31 U.S.T. 5059; TIAS 9656, is a valid treaty, and this Court has subject matter jurisdiction over the matter of the extradition of Mr. Meza Martinez.

### III. THE OFFENSE WITH WHICH MR. MEZA MARTINEZ IS CHARGED IS AN EXTRADITABLE OFFENSE UNDER THE TREATY

To determine that extradition is appropriate, I must also determine whether the offense is an extraditable crime under the particular treaty and whether the conduct is illegal in both countries. *Heilbronn v. Kendall*, 775 F.Supp. 1020 (W.D. Mich. 1991). The treaty at issue in this case enumerates certain offenses including the offense of corruption of minors, including unlawful sexual acts with or upon children under the age of consent and states that fugitive offenders shall be surrendered for any of the enumerated offenses provided the offense at issue is punishable by more than one year of detention under the laws of both jurisdictions. Extradition Treaty between the United States of America and the United Mexican States, 31 U.S.T. 5059; TIAS 9656, Article 2 (1), Appendix (5). As the charged offense in this case is one of sexual abuse of a child, it is an enumerated, extraditable offense provided it meets the dual criminality requirement by being punishable under the laws of Mexico and the laws of the United States by a term of imprisonment of at least one year.

4

To determine whether an offense is punishable by the laws of both nations to a treaty, a court first looks to provisions of federal law or, if none, to the law of the place where the relator was found or, if none, to the law of the preponderance of the states. *Cucuzzella v. Keliikoa*, 638 F.2d 105 (9th Cir. 1981); *Heilbronn*, 775 F.Supp. 1020. In accordance with the treaty and case law, in determining whether the charged offense is an offense against the laws of the United States, the conduct at issue is analyzed without regard to the specific elements of the charged offense or the name of the offense in either country. Extradition Treaty between the United States of America and the United Mexican States, U.S.T. 5059; TIAS 9656, Article 1(2)(a)-(b). *Collins v. Loisel*, 259 U.S. 309, 314 (1922); *United States v. Levy*, 905 F.2d 326 (10th Cir. 1990)

In the instant case, both the laws of the State of Chihuahua and the laws of the United States prohibit the activity allegedly committed by Mr. Meza Martinez. Title 14, Chapter III, Art. 245, of the Criminal Code for the State of Chihuahua imposes a penalty of imprisonment and a fine upon whoever, ". . . without the consent of a person, executes on said person, or by means of said person is executed, a sexual act different from copulation." Art. 246 of Chapter III goes on to state that a penalty of imprisonment from one to four years shall be imposed when the above offense is committed upon, "A person under fourteen years of age."

Similarly, the United States Code, 18 U.S.C. § 2241(a), (c), imposes a sentence of imprisonment on one who, ". . . knowingly causes another person to engage in a sexual act . . . by using force against that other person." The section goes on to impose further penalties on an individual who knowingly engages in a sexual act, ". . . with another person who has attained the age of 12 years but has not attained the age of 16 years." Given the similarity between the laws of Mexico and those of the United States in this area, I find the laws are sufficiently similar to satisfy

5

the dual criminality requirement.

      IV.      THE GOVERNMENT HAS MET ITS BURDEN OF SHOWING PROBABLE CAUSE

Mr. Meza Martinez argues that the evidence is insufficient to establish probable cause. In an international extradition proceeding, the presiding judge need only determine whether there is any evidence sufficient to establish reasonable or probable cause that the relator committed the offense charged. *In re Extradition of Kraiselburd*, 786 F.2d 1395, 1399 (9th Cir. 1986). The evidence showing probable cause need not be sufficient evidence to support a conviction, but need only be sufficient to warrant a finding that there are reasonable grounds to believe the relator is guilty and thus hold her for trial. *Peters v. Egnor*, 888 F.2d 713 (10th Cir. 1989); *In re Extradition of Lin*, 915 F.Supp. 206, 210 (D. Guam 1995).

      A.      <u>Findings of Fact with Regard to Probable Cause</u>

      1.      Mr. Meza Martinez is a naturalized United States citizen, currently residing in Las Cruces, NM. This Court may therefore assert personal jurisdiction over Mr. Meza Martinez.

      2.      Mr. Meza Martinez is the person whom the Government of Mexico seeks to extradite. Comparative photographs demonstrate this fact, as does a comparison of these photographs to Mr. Meza Martinez in person during court proceedings.

      3.      The victim, Christian Iveth Arellano Ruiz, was eleven (11) years old at the time of the events giving rise to this proceeding.

      4.      On June 18, 2001, Mr. Meza Martinez was residing in the house of Christian Ivette Arellano Ruiz, a minor child, in the City of Chihuahua, Mexico. (Aff. Ignacio Medina). At around 8:00p.m. on the evening of the 18th, Christian returned to the house, where she met Mr.

Meza Martinez.  (Aff. Christian Ruiz).  Mr. Meza Martinez thereupon allegedly held Christian's hands, removed her trousers and began kissing her genital region.  (Id.)

    5.    Shortly thereafter, Christian's father, Ignacio Alleandro Medina, entered the room and observed Mr. Meza Martinez sexually abusing Christian.  (Aff. Ignacio Medina).  Mr. Medina grabbed Christian and left the room with her.  (Id.)  Mr. Meza Martinez left the house shortly thereafter.

    6.    Psychologist Ivonne Andres Ortega Santillan examined Christian in September of 2002.  (Expert Report).  Dr. Santillan found that Christian displayed signs of sexual abuse and emotional disorders, likely resulting from physical abuse.  (Id.)

    B.    <u>Conclusion of Law on the Issue of Probable Cause</u>

As set forth in the findings of fact, the evidence properly submitted by Mexico is sufficient to sustain the charges against Mr. Meza Martinez.  While Mr. Meza Martinez has offered argument concerning this evidence, he did not adequately explain it for purposes of extradition.  This Court therefore concludes that there is sufficient evidence to support a reasonable belief that Mr. Meza Martinez is guilty of the crimes charged by Mexico, and that the conduct of Mr. Meza Martinez, as described in the evidence submitted by Mexico, constitutes criminal conduct under the laws of the United States and Mexico.

    **CONCLUSION**

    IT IS THEREFORE ORDERED that Isaias Meza Martinez be committed to the custody of the United States Marshal, or his authorized representative, on **March 7, 2005 at 9:00a.m.** at the United States District Courthouse, 200 E. Griggs, Las Cruces, NM 88001, to be confined in appropriate facilities until he is surrendered to the government of Mexico in accordance with the

applicable provisions of the Extradition Treaty between the United States of America and the United Mexican States.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**